FILED
2021 Nov-30  AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JESSE ESCOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO:** |
| **v.** | ) |
| | ) |
| **UNITED PARCEL SERVICE, INC.,** | ) **PLAINTIFF DEMANDS** |
| | ) **TRIAL BY STRUCK JURY** |
| | ) |
| **Defendant.** | ) |

_____

## COMPLAINT
_____

## <u>INTRODUCTION</u>

Plaintiff, Jesse Escott ("Plaintiff"), brings this action for legal and equitable relief to address unlawful discriminatory employment practices and violations of Federal law by Defendant, united Parcel Service, Inc. ('UPS").

## <u>JURISDICTION</u>

1. This Complaint seeks legal and equitable relief to redress Defendant's unlawful violations of Plaintiff's rights secured by the following:

    a. Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended and the ADEA.

    b. Jurisdiction is proper pursuant to the following:

    c.  28 U.S.C. §§ 1331, 1343(a)(3) and 1367; and 42 U.S.C. § 1981.

## PARTIES

2.    Plaintiff Jesse Escott is an African-American male over the age of 19 and a resident of the State of Alabama.

3.    Defendant United Parcel Service, Inc. is a foreign business registered in Alabama and maintains a principal office in Birmingham, Jefferson County, Alabama.

## VENUE

3.    Venue lies within the Northern District of Alabama under 28 U.S.C. § 1391.

## FACTS

4.    Plaintiff adopts and incorporates paragraphs one (1) through three (3) as if set forth herein.

5.    Plaintiff is a black male over the age of forty (40).

6.    Plaintiff has been employed with UPS since 1997.

7.    Plaintiff is currently employed with UPS in the Mid-South District, Birmingham, Alabama, as a Dispatch Operation Supervisor

8.    In or around October 2019, Ron Headley, white Security Supervisor, was promoted to the position of Roebuck Northwest Business Center Manager.

9.    The position that Ron Headley received as Manager was never posted, was never announced as an open and available position so Plaintiff and other qualified

employees, including numerous black employees, could apply and Mr. Headley was handpicked for the position.

10. UPS has policies stating that manager positions will be posted on the Management Candidate Opportunity ("MCO") website to allow qualified employees to apply.

11. Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be promoted to the Business Center Manager position Ron Headley received. Even if UPS considered other factors when deciding who would be placed in the Center Manager position, Plaintiff's race was a factor that caused UPS to deny him the Center Manager position.

12. Plaintiff was more qualified for the Business Center Manager position than Ron Headley.

13. Ron Headley assumed the manager duties and responsibilities for the Roebuck Center as the Roebuck Business Center Manager.

14. In 2019, UPS failed and/or refused to post or announce other manager positions and handpicked and promoted less qualified white employees to Manager.

15. Plaintiff complained to Casey Simpson that Ron Headley being promoted to Manager was discrimination and asked Simpson, why Headley was brought in from a different area and promoted to Center Manager when Headley had not worked in operations in over fifteen (15) years when he (Plaintiff) was more qualified for the

position. Plaintiff worked in operations and unlike Headley, was trained on and knew how to operate the new technology in package operations.

16. In addition, Mr. Headley was not qualified for the Manager position because several employees made complaints of discrimination and harassment against Mr. Headley and the Union received several complaints of race discrimination against Mr. Headley. UPS was aware of these complaints of discrimination and harassment against Mr. Headley at the time he was promoted to Manager.

17. Ron Headley has also been accused of violating UPS's code of conduct as a result of complaints made against him and he was placed on a leave of absence and failed to return to work at UPS.

18. Casey Simpson informed Plaintiff that he was qualified to manage the Roebuck Center, but never promoted Plaintiff to Manager despite his qualifications.

19. It is Plaintiff's understanding that Kim Campbell, white Division Manager, and Casey Simpson made, or participated in, the decision to promote Ron Headley to Center Manager with the input and approval from the white HR Director, Jeff Bloedorn.

20. Several black employees have complained that Kim Campbell discriminated against them, harassed them and retaliated against them.

21. The Security Supervisor position held by Ron Headley was never posted in MCO or

announced as an open position after Headley was promoted to Manager and a white female was placed in the position.

22.  Plaintiff expressed interest in the Security Supervisor position held by Ron Headley.

23.  Laurel Brook Hall, white female, was picked to be promoted to a Security Supervisor position and she is less qualified than Plaintiff for this position.

24.  Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be awarded the Security Supervisor position held by Ron Headley. Even if UPS considered other factors when deciding who would be placed in the Security Supervisor position, Plaintiff's race was a factor that caused UPS to deny him this position

25.  In or around November 2020, Plaintiff was notified that a security supervisor position in Birmingham in the Mid-South District was available but when Plaintiff asked about the position, he was informed the position was promised to Jared Sanders, white male, and that Sanders would be promoted.

26.  The security supervisor position awarded to Jared Sanders was never posted in MCO or announced as an open or available position.

27.  Sanders is less qualified than Plaintiff for a Security Supervisor position.

28.  Sanders has been accused of failing to follow the UPS Code of Conduct and sending inappropriate images to UPS employees.

5

29.   In or around November 2020, Ron Headley was promoted to Division Business
      Manager, the position previously held by Casey Simpson, and the position was never
      posted or announced.

30.    Plaintiff emailed Kim Campbell to let he know he was interested in the Division
      Manager position and Campbell responded stating the position had been filled when
      it was never posted.

31.   Plaintiff informed his managers that he wanted to be promoted to manager and he
      continuously asked when any manager positions would be available.

32.   Plaintiff is aware of other black supervisory employees being denied manager
      positions, including but not limited to, K.J. Johnson and Joe Henderson.

33.   Plaintiff and other black employees are required to rotate into numerous other
      supervisory positions and told by white managers that these rotations increase their
      chances to be promoted to manager.

34.   UPS has a policy that a supervisory employee needs to be at a certain level with
      regard to Knowledge, Skills and Abilities or KSA'a to be promoted.

35.   Plaintiff accepted rotations to other supervisor positions when he was approached
      and told these rotations were an opportunity to strengthen his chances to become a
      manager.

36.   Plaintiff accepted a rotation as the Dispatcher Supervisor because he was informed

by Casey Simpson and Ron Headley that it would increase his KSA's and chances for promotion to manager.

37.   Plaintiff accepted rotations to other positions and assignments and has not been promoted to Manager.

38.   In or around June 2021, UPS promoted Nicklaus Gohde, white, to a Business Manager position in Tuscaloosa.

39.   The Manager position Mr. Gohde received was not posted or announced and Plaintiff was denied the opportunity to apply.

40.   Mr. Gohde had been with UPS approximately ten years when he was promoted to manager and had substantially less seniority and less experience than Plaintiff.

41.   Mr. Gohde has also not been assigned to as many rotations as Plaintiff and Plaintiff has more relevant experience for the manger position than Mr. Gohde.

42.   In 2021, Plaintiff applied for the Roebuck Northwest Manager position but was never interviewed for the position.

43.   Less qualified white employees with les experience were interviewed.

44.   Joe Henderson, black, was also not interviewed for the Roebuck Northwest Manager position.

45.   Plaintiff and Joe Henderson were the senior most qualified supervisors for the Roebuck Northwest Manager position.

46.    Plaintiff continues to be denied promotions to manager and even the opportunity to

apply and be considered for manager positions.

47.    For the past several years the Birmingham, Mid-South District has failed and/or

refused to promote qualified black employees to manager and has promoted less

qualified white employees.

## COUNT ONE

### PLAINTIFF'S TITLE VII AND SECTION 1981
### RACE DISCRIMINATION CLAIMS

48.    Plaintiff incorporates paragraphs one (1) through three (3) as if set forth herein.

49.    Plaintiff is a black male and has been employed with UPS since 1997.

50.    Plaintiff is currently employed with UPS in the Mid-South District, Birmingham,

Alabama, as a Dispatch Operation Supervisor

51.    In or around October 2019, Ron Headley, white Security Supervisor, was promoted

to the position of Roebuck Northwest Business Center Manager.

52.    The position that Ron Headley received as Manager was never posted, was never

announced as an open and available position so Plaintiff and other qualified

employees, including numerous black employees, could apply and Mr. Headley was

handpicked for the position.

53.    UPS has policies stating that manager positions will be posted on the Management

Candidate Opportunity ("MCO") website to allow qualified employees to apply.

54.    Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be promoted to the Business Center Manager position Ron Headley received. Even if UPS considered other factors when deciding who would be placed in the Center Manager position, Plaintiff's race was a factor that caused UPS to deny him the Center Manager position.

55.    Plaintiff was more qualified for the Business Center Manager position than Ron Headley.

56.    Ron Headley assumed the manager duties and responsibilities for the Roebuck Center as the Roebuck Business Center Manager.

57.    In 2019, UPS failed and/or refused to post or announce other manager positions and handpicked and promoted less qualified white employees to Manager.

58.    Plaintiff complained to Casey Simpson that Ron Headley being promoted to Manager was discrimination and asked Simpson, why Headley was brought in from a different area and promoted to Center Manager when Headley had not worked in operations in over fifteen (15) years when he (Plaintiff) was more qualified for the position. Plaintiff worked in operations and unlike Headley, was trained on and knew how to operate the new technology in package operations.

59.    In addition, Mr. Headley was not qualified for the Manager position because several

employees made complaints of discrimination and harassment against Mr. Headley and the Union received several complaints of race discrimination against Mr. Headley. UPS was aware of these complaints of discrimination and harassment against Mr. Headley at the time he was promoted to Manager.

60. Ron Headley has also been accused of violating UPS's code of conduct as a result of complaints made against him and he was placed on a leave of absence and failed to return to work at UPS.

61. Casey Simpson informed Plaintiff that he was qualified to manage the Roebuck Center, but never promoted Plaintiff to Manager despite his qualifications.

62. It is Plaintiff's understanding that Kim Campbell, white Division Manager, and Casey Simpson made, or participated in, the decision to promote Ron Headley to Center Manager with the input and approval from the white HR Director, Jeff Bloedorn.

63. Several black employees have complained that Kim Campbell discriminated against them, harassed them and retaliated against them.

64. The Security Supervisor position held by Ron Headley was never posted in MCO or announced as an open position after Headley was promoted to Manager and a white female was placed in the position.

65. Plaintiff expressed interest in the Security Supervisor position held by Ron Headley

and was denied the opportunity to apply for the position or even be considered.

66. Laurel Brook Hall, white female, was picked to be promoted to a Security Supervisor position and she is less qualified than Plaintiff for this position.

67. Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be awarded the Security Supervisor position held by Ron Headley. Even if UPS considered other factors when deciding who would be placed in the Security Supervisor position, Plaintiff's race was a factor that caused UPS to deny him this position.

68. In or around November 2020, Plaintiff was notified that a security supervisor position in Birmingham in the Mid-South District was available but when Plaintiff asked about the position, he was informed the position was promised to Jared Sanders, white male, and that Sanders would be promoted.

69. The security supervisor position awarded to Jared Sanders was never posted in MCO or announced as an open or available position.

70. Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for the position Jared Sanders received. Even if UPS considered other factors when deciding who would be placed in the security supervisor position Jared Sanders received, Plaintiff's race was a factor that caused UPS to deny him the position.

11

71.   Sanders is less qualified than Plaintiff for a Security Supervisor position.

72.   Sanders has been accused of failing to follow the UPS Code of Conduct and sending inappropriate images to UPS employees.

73.   In or around November 2020, Ron Headley was promoted to Division Business Manager, the position previously held by Casey Simpson, and the position was never posted or announced.

74.    Plaintiff emailed Kim Campbell to let he know he was interested in the Division Manager position and Campbell responded stating the position had been filled when it was never posted.

75.   Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be promoted to the Division Manager position Ron Headley received. Even if UPS considered other factors when deciding who would be placed in the Division Manager position, Plaintiff's race was a factor that caused UPS to deny him the Division Manager position.

76.   Plaintiff informed the managers that supervised him that he wanted to be promoted to manager and he continuously asked when any manager positions would be available.

77.   Plaintiff is aware of other black supervisory employees being denied manager positions, including but not limited to, K.J. Johnson and Joe Henderson.

78.   Plaintiff and other black employees are required to rotate into numerous other supervisory positions and told by white managers that these rotations increase their chances to be promoted to manager.

79.   UPS has a policy that a supervisory employee needs to be at a certain level with regard to Knowledge, Skills and Abilities or KSA'a to be promoted.

80.   Plaintiff accepted rotations to other supervisor positions when he was approached and told these rotations were an opportunity to strengthen his chances to become a manager.

81.   Plaintiff accepted a rotation as the Dispatcher Supervisor because he was informed by Casey Simpson and Ron Headley that it would increase his KSA's and chances for promotion to manager.

82.   Plaintiff accepted rotations to other positions and assignments and has not been promoted to Manager.

83.   In or around June 2021, UPS promoted Nicklaus Gohde, white, to a Business Manager position in Tuscaloosa.

84.   The Manager position Mr. Gohde received was not posted or announced and Plaintiff was denied the opportunity to apply.

85.   Mr. Gohde had been with UPS approximately ten years when he was promoted to manager and had substantially less seniority and less experience than Plaintiff.

86. Mr. Gohde has also not been assigned to as many rotations as Plaintiff and Plaintiff has more relevant experience for the manger position than Mr. Gohde.

87. Plaintiff's race factored into Defendant's decision to deny him the opportunity to apply for, be considered for and be promoted to the Business Manager position Nicklaus Gohde received. Even if UPS considered other factors when deciding who would be placed in the Business Manager position, Plaintiff's race was a factor that caused UPS to deny him the Business Manager position.

88. In 2021, Plaintiff applied for the Roebuck Northwest Manager position but was never interviewed for the position.

89. Less qualified white employees with les experience were interviewed.

90. Joe Henderson, black, was also not interviewed for the Roebuck Northwest Manager position.

91. Plaintiff and Joe Henderson were the senior most qualified supervisors for the Roebuck Northwest Manager position.

92. Plaintiff continues to be denied promotions to manager and even the opportunity to apply and be considered for manager positions.

93. For the past several years the Birmingham, Mid-South District has failed and/or refused to promote qualified black employees to manager and has promoted less qualified white employees.

14

94.   UPS has subjected Plaintiff to race discrimination.

95.   UPS's discriminatory conduct has caused Plaintiff to be injured.

96.   UPS has policies prohibiting race discrimination; however, UPS willfully violated its policies and federal laws that prohibit race discrimination.

97.   Supervisory and managerial employees employed by UPS engaged in these unlawful practices, were aware of these unlawful practices and engaged in, encouraged and/or condoned these unlawful practices.

98.   UPS has failed to properly train its employees on its purported antidiscrimination policies and reporting procedures.

99.   UPS's dissemination of any antidiscrimination policy and reporting procedures has been ineffective.

100.   UPS knew or should have known of the race discrimination Plaintiff has been forced to endure.

101.   UPS failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the race discrimination Plaintiff has been and continues to endure.

102.   UPS's actions were and continue to be malicious and Plaintiff has been harmed.

103.   UPS's actions were and continue to be reckless and Plaintiff has been harmed.

104.   UPS's actions are in violation of Title VII and 42 U.S.C. § 1981, as amended.

105.    Asa proximate result of UPS's unlawful discrimination, Plaintiff has suffered mental anguish, financial loss, loss to his retirement, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

106.    Plaintiff seeks declaratory and injunctive relief, and all legal equitable a d monetary relief available, including, but not limited to, back pay, front pay, benefits, interest, attorney's fees, costs, expenses, pecuniary and non-pecuniary compensatory damages, loss of career opportunities, humiliation, embarrassment, mental anguish, and all other relief as the Court deems appropriate.

Plaintiff requests the Court grant a permanent injunction enjoining UPS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in discriminatory treatment on the basis of race; order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging further in discriminatory treatment on the basis of race;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination;

C.     Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, the position that he was denied, the pay, benefits and bonuses of the position he was denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages;

D.     Award Plaintiff compensatory, punitive, and liquidated damages;

E.     Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.     Award such other and further relief this Court deems necessary and proper.

## COUNT TWO

### PLAINTIFF'S TITLE VII AND SECTION 1981 RETALIATION CLAIMS

107.   Plaintiff incorporates paragraphs one (1) through three (3) as if set forth herein.

108. Plaintiff complained of race discrimination because less qualified white employees have been promoted to manager while he and other more qualified black employees are denied promotion to manager, and even denied the opportunity to apply or be considered because white employees are handpicked for these positions.

109. In addition, Plaintiff filed a charge of discrimination with the EEOC regarding his claims of discrimination.

110. After Plaintiff complained and engaged in protected activity, he has been denied additional manager promotions, an opportunity to apply for promotion and rotations to other supervisor assignments such as the security supervisor position.

111. UPS retaliated against Plaintiff by failing and refusing to post manager positions, interview Plaintiff for manager positions, afford Plaintiff the opportunity to be considered for manager positions, deny Plaintiff positions to increase his KSA'a to be promoted and other adverse actions.

112. There is a causal connection between Plaintiff's complaints an d the adverse actions he has been subjected to.

113. Defendant's retaliation against Plaintiff for his complaints and protected activity have caused Plaintiff injury.

114. UPS has failed and/or refused to properly train its employees regarding its antiretaliation policies.

115. UPS has allowed and/or condoned retaliation of Plaintiff and other employees who have engaged in protected activity.

116. UPS has violated its own antiretaliation policies and the law and retaliated against Plaintiff.

117. UPS's actions are willful and have caused Plaintiff harm.

118. UPS's actions are reckless and have caused Plaintiff harm.

119. As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

120. Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging further in discriminatory treatment on the basis of race;

B.       Order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination;

C.       Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, the position that he was denied, the pay, benefits and bonuses of the position he was denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages;

D.       Award Plaintiff compensatory, punitive, and liquidated damages;

E.       Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.       Award such other and further relief this Court deems necessary and proper.

## COUNT THREE

## PLAINTIFF'S ADEA CLAIMS

121.  Plaintiff incorporates paragraphs one (1) through three (3) as if set forth herein.

122.   Plaintiff is over the age of forty and was born in 1978.

20

123.   UPS has discriminated against Plaintiff by denying him a promotion to the position of manager.

124.   UPS has promoted younger less qualified employees to the position of manager.

125.   UPS has denied Plaintiff the opportunity to apply or even be considered for manager positions and has selected younger less qualified employees for the positions.

126.   Plaintiff's age factored into UPS's decision to deny him a manager position.

127.   UPS's discriminatory conduct has injured the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

a.   Award backpay;

b.   Award liquidated damages;

c.   Award injunctive relief, including, but not limited to, backpay, promotion and/or reasonable front pay;

d.   Award pre-judgment and post judgment interest;

e.   Award that relief which is fair, reasonable and just;

f.   Award a reasonable attorney's fee; and

g.   Award and tax costs against said defendant.

21

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,


*Cynthia Forman Wilkinson*

CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 A 3rd Avenue North, Suite A
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net



PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

CORPORATION SERVICE COMPANY, INC.
641 South Lawrence Street
Montgomery, AL 36104


PLAINTIFF'S ADDRESS:

Mr. Jesse Escott
c/o Wilkinson Law Firm, PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203